1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Donnell Pugh,

     Petitioner,

v.

Attorney General, *et al.*,

     Respondents.

2:14-cv-00752-JAD-VCF

**Order Granting in Part Motion to
Dismiss and Directing Further Action
by Petitioner
[#7]**

### Introduction

    Respondents move to dismiss this habeas corpus action, claiming that Petitioner Donnell Pugh failed to first exhaust these claims in state court (Doc. 7). The court grants the motion in part and directs the petitioner to make an election regarding his unexhausted claims by July 3, 2015.

### Background

    On February 27, 2011, petitioner Pugh pled guilty in Nevada's Eighth Judicial District Court to one count of second-degree murder with use of a deadly weapon and one count of attempted murder. *See* Judgment of Conviction, Exhibit 9 (the exhibits referred to in this order were filed by respondents with their motion to dismiss, and they are located in the record at Doc. 7). For the second degree murder, Pugh was sentenced to life in prison with the possibility of parole after 10 years, and to a consecutive prison term of 5 to 20 years for the use of the deadly weapon; for the attempted murder, he was sentenced to a consecutive prison term of 5 to 20 years. *See id.* The judgment of conviction was entered May 31, 2012. *See id.*

    Pugh filed a post-conviction petition for writ of habeas corpus in state court. *See* Petition for Writ of Habeas Corpus, Exhibit 12. The state district court denied that petition. *See* Exhibit 17. The Nevada Supreme Court affirmed on December 17, 2013. *See* Order of Affirmance, Exhibit 19.

    This court received Pugh's federal habeas corpus petition on May 13, 2014 (Doc. 5). On October 27, 2014, respondents filed their motion to dismiss (Doc. 7), contending that Pugh has not

1    exhausted in state court any of the claims that he asserts in this federal habeas action.  The time for

2    response to this motion has long-since run, and Pugh filed no response.

3                                              **Discussion**

4         A federal court may not grant habeas corpus relief on a claim not exhausted in state court.

5    28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity and is

6    intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*

7    *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the

8    claim to the highest state court and must give that court the opportunity to address and resolve it.

9    *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

10   10 (1992).  A claim is fairly presented to the state's highest court if the petitioner describes to that

11   court the operative facts and legal theory upon which the claim is based.  *See Anderson v. Harless*,

12   459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862

13   (9th Cir. 1982).

14   **A.      Ground 1**

15        Ground 1 of Pugh's federal habeas petition includes two distinct claims.  *See* Petition for

16   Writ of Habeas Corpus (Doc. 5 at 3).  First, Pugh contends that his Fourteenth Amendment right to

17   due process of law was violated because his trial counsel misrepresented the sentence that he would

18   receive if he pled guilty.  *See id*.  Second, Pugh claims that his trial counsel cheated his family out of

19   legal fees.  *See id*.

20        The court finds that the first part of Ground 1—that counsel misrepresented the sentence he

21   would receive—was exhausted in state court.  *See* Petition for Writ of Habeas Corpus (Post-

22   Conviction), Exhibit 12 at 7–8 ("Petitioner was advised by counsel, at the guilty plea hearing, that a

23   deal with Deputy District Attorney Jimenez, for [10–25] years with the attempted murder charge

24   running concurrent and the gun enhancement running consecutive."; Order of Affirmance, Exhibit 19

25   ("While appellant claimed that his counsel, purporting to speak on behalf of the district court and the

26   State, advised him that the plea agreement was for a sentence of 10 to 25 years on the murder count

27   and for the attempted murder count to run concurrently, this deal was not memorialized in the plea

28   agreement or mentioned in the plea canvass.").

1   The second part of Ground 1 (regarding legal fees paid by Pugh's family) was not exhausted

2   in state court.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 12.  That portion of

3   Ground 1 was not fairly presented in state court.

4   **B.    Ground 2**

5   Pugh also asserts two separate claims in Ground 2.  *See* Doc. 5 at 7.  First, as in Ground 1,

6   Pugh claims that federal constitutional right to due process of law was violated because his attorney

7   misrepresented the sentence he would receive if he pled guilty.  *See id*.  Second, Pugh claims that his

8   trial counsel engaged in the unauthorized practice of law.  *See id*.

9   Here again, the court finds that the first part of Ground 2—that counsel misrepresented the

10  sentence he would receive—is exhausted.  The second part of Ground 2—that counsel engaged in

11  unauthorized practice of law—was not presented in state court, and is unexhausted.  See Petition for

12  Writ of Habeas Corpus (Post-Conviction), Exhibit 12.

13  **C.    Ground 3**

14  In Ground 3, too, Pugh includes two separate claims.  Doc. 5 at 7.  First, Pugh claims that his

15  Sixth Amendment rights were violated, again asserting that his trial counsel misrepresented the

16  sentence he would receive if he pled guilty.  In Ground 3, Pugh also reiterates his claim that his

17  counsel cheated his family out of attorney's fees.

18  The court finds that the first part of Ground 3—that counsel misrepresented the sentence he

19  would receive—is exhausted.  The second part of Ground 3—that counsel cheated his family out of

20  attorney's fees—however, is unexhausted.

21  **D.    Petitioner's Election**

22  To summarize, the court finds that Pugh's claim asserted in Grounds 1, 2, and 3 of his federal

23  habeas petition that his rights under the Sixth and Fourteenth Amendments were violated because his

24  trial counsel misrepresented the sentence he would receive if he pled guilty, has been exhausted in

25  state court.  But the following claims have not been exhausted in state court:

26  - the part of Ground 1 and of Ground 3 claiming that Pugh's trial counsel cheated his family out of attorney's fees; and

27

28  - the part of Ground 2 claiming that Pugh's trial counsel engaged in unauthorized practice of law.

1    With respect to these unexhausted claims, Pugh is now required to make an election. **Pugh**

2    **has until July 3, 2015, to file either: (1) a notice of abandonment of the unexhausted claims**,

3    indicating that he elects to abandon the unexhausted claims and proceed with the litigation of his

4    remaining exhausted claims **or (2) a motion for stay**, requesting a stay of these proceedings to allow

5    him to return to state court to exhaust the unexhausted claims.  If Pugh elects to file a motion for

6    stay, he must make a showing that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269 (2005).

7    *Rhines* holds that a federal habeas petition containing both exhausted and unexhausted claims may

8    be stayed if: (1) the petitioner demonstrates good cause for the failure to exhaust the claims in state

9    court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not been

10   dilatory in pursuing the litigation.  *Rhines*, 544 U.S. at 278.

11   If Pugh files neither a notice of abandonment or a motion to stay by July 3, 2015, the court

12   will dismiss his entire habeas petition under the rule of *Rose v. Lundy*, 455 U.S. 509 (1982), because

13   it contains both exhausted and unexhausted claims.

14                                              **Conclusion**

15   Accordingly, IT IS THEREFORE ORDERED that respondents' Motion to Dismiss Petition

16   for Writ of Habeas Corpus **(Doc. 7) is GRANTED IN PART AND DENIED IN PART**: Part of

17   Ground 1, part of Ground 2, and part of Ground 3 are unexhausted in state court, as described above.

18   Petitioner must now make an election regarding his unexhausted claims.

19   IT IS FURTHER ORDERED that **petitioner has until July 3, 2015, to file (1) a notice of**

20   **abandonment of all his unexhausted claims or (2) a motion for a stay to allow exhaustion of his**

21   **unexhausted claims in state court**, as described above.  If he files a notice of abandonment,

22   respondents will then have 60 days to file an answer that responds to the remaining claims in the

23   habeas petition.  If he instead files a motion for a stay, respondents will then have 30 days to file a

24   response to that motion, and petitioner shall thereafter have 20 days to file a reply.  **If petitioner files**

25   **neither a  notice of abandonment of all his unexhausted claims or a motion for a stay to allow**

26   . . .

27

28   . . .

1  **exhaustion of his unexhausted claims in state court by July 3, 2015, his entire habeas petition**

2  **will be dismissed.**

3      Dated this 19th day of May, 2015.

4      _____

5      Jennifer A. Dorsey
       United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28