1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Donnell P. Pugh,

      Petitioner

v.

Attorney General, et al.,

      Respondents

**2:14-cv-00752-JAD-VCF**

**Order Denying Petition, Declining to issue Certificate of Appealability, and Closing Case**

      Pro se Nevada state prison inmate Donnell P. Pugh brings this § 2254 petition to challenge his Nevada state-court conviction and sentence for second-degree murder and related charges. Respondents have answered Pugh's sole remaining claim for ineffective assistance of counsel. I deny this claim, decline to issue a certificate of appealability, and instruct the Clerk of Court to close this case.

## Background

      On February 27, 2011, Pugh pleaded guilty to one count of second-degree murder with use of a deadly weapon, and one count of attempted murder in Nevada's Eighth Judicial District Court.[1] The trial court sentenced Pugh to life imprisonment with parole eligibility after 20 years. Pugh filed a post-conviction habeas petition in the state district court;[2] the state district court denied the petition,[3] and the Nevada Supreme Court affirmed.[4]

      Pugh then timely filed his federal habeas petition. Respondents promptly moved to dismiss,[5]

---

[1] *See* Judgment of Conviction, Ex. 9 (ECF No. 7-10) (The exhibits referred to in this order were filed by respondents with their motion to dismiss and are located in the record at ECF No. 7.)

[2] *See* Petition for Writ of Habeas Corpus, Ex. 12 (ECF No. 7-13).

[3] *See* Ex. 17 (ECF No. 7-18).

[4] *See* Order of Affirmance, Ex. 19 (ECF No. 7-20).

[5] ECF No. 7.

1   contending that Pugh had not first exhausted his claims in state court.  I granted in part and denied in

2   part respondents' dismissal motion, ruling that one claim—asserted in grounds one, two, and three of

3   Pugh's petition—was exhausted: his claim that he received ineffective assistance of counsel because

4   his trial counsel misrepresented what sentence he would receive if he pleaded guilty.[6]  I ordered Pugh

5   to notify the court how he wished to proceed on his exhausted claim, and he timely elected to

6   abandon his unexhausted claims and proceed on this sole exhausted claim.[7]

7        Respondents answered Pugh's ineffective-assistance claim.[8]  When Pugh failed to file a

8   timely reply to respondents' answer, I *sua sponte* extended the reply deadline to give him one more

9   opportunity to do so.  Pugh did not file a reply; he instead filed a motion for leave to amend his

10  petition,[9] which I denied as futile.[10]  I will, however, consider the arguments in support of his

11  remaining claim that Pugh included in his motion for leave to amend as his reply.  I now address

12  Pugh's remaining claim on the merits.

13                          **Discussion**

14  **A.    Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

15        In *Strickland v. Washington*, the United States Supreme Court established a two-prong test

16  for ineffective-assistance-of-counsel claims.[11]  A petitioner must show (1) that the defense attorney's

17  representation "fell below an objective standard of reasonableness" and (2) that the attorney's

18  deficient performance prejudiced the defendant so severely that "there is a reasonable probability

19  that, but for counsel's unprofessional errors, the result of the proceeding would have been

20

21

---

22  [6] ECF No. 9.

23  [7] ECF No. 10.

24  [8] ECF No. 12.

25  [9] ECF No. 15.

26  [10] ECF No. 17.

27

28  [11] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

1  different."[12]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal

2  habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s

3  deferential standard."[13]

4  **B.      Pugh's remaining claim**

5         Pugh alleges that his counsel was constitutionally ineffective because counsel misrepresented

6  to Pugh the sentence that he would receive if he pleaded guilty.[14]  The Nevada Supreme Court

7  rejected this claim on post-conviction appeal.  The court found that Pugh's claim was unsupported

8  by the record.  Though Pugh claimed that counsel promised him a 10–25 year sentence, no such

9  promise was contained in the written plea agreement or mentioned at the plea canvass, and Pugh

10  acknowledged both in the plea agreement and during the plea canvass that he understood the possible

11  sentences that the district court could impose and that no one had promised him a particular

12  sentence.[15]  Pugh also failed to show prejudice.

13         There is a reasonable argument that counsel satisfied *Strickland's* deferential standard.

14  Pugh's claim that his counsel promised him that he would receive a particular sentence is belied by

15  Pugh's written plea agreement[16] and the transcript from his change-of-plea hearing, both of which

16  expressly acknowledge the range of sentences available to the sentencing court[17] and that no

17  sentencing guarantees were made.  Pugh also has not shown that, but for counsel's alleged errors, he

18  would not have pleaded guilty but would have instead insisted on going to trial.  Because the record

19  evidence shows that there is a reasonable argument that Pugh's counsel satisfied *Strickland*, his

20

---

21  [12] *Id.* at 694.

22  [13] *Harrington*, 562 U.S. 86, 105 (2011); *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th

23  Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland*

24  claims).

25  [14] *See* Petition for Writ of Habeas Corpus (ECF No. 5 at 3, 5, 7).

26  [15] Order of Affirmance, Ex. 19 at 1–2 (ECF No. 7-20 at 2–3) (footnote omitted).

27  [16] Guilty Plea Agreement, Ex. 6 at 2–3, 5 (ECF No. 7-7 at 3–4, 6).

28  [17] Reporter's Transcript of Plea, February 27, 2012, Ex. 7 at 3–8 (ECF No. 7-8 at 4–9).

petition is denied.

**C.      Certificate of appealability**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[18] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[19]  To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[20] Because I conclude that no reasonable jurist would find my conclusions in this order debatable or wrong, I decline to issue Pugh a certificate of appealability.

<strong>Conclusion</strong>

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Pugh's petition for writ of habeas corpus [ECF No. 5] is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is instructed to enter judgment for respondents and against Pugh and CLOSE THIS CASE.

Dated this 23rd day of September

_____
Jennifer A. Dorsey
United States District Judge

---

[18] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[19] *Slack*, 529 U.S. at 484.

[20] *Id.*